# Commonwealth v. Capece

C.P. of Lawrence County, no. 65 of 2007, C.R.

*Kathleen Fee-Baird*, assistant district attorney, for Commonwealth.

*Thomas W. Leslie*, for defendant.

PICCIONE, *J.*, October 18, 2010—Before this court for disposition is the commonwealth's omnibus pre-trial motion of a motion in limine. The commonwealth requests that the court rule on the admissibility of 92 e-mails between defendant Phillip Jerry Capece (hereinafter, "defendant") and Shana Niglio (hereinafter, "the complainant"). The commonwealth also asks that the court address the admissibility of the defense that defendant's ex-wife is responsible for the present charges against him.

The background of this case is as follows: defendant, who was 65 years old at the time the alleged crimes occurred, was charged with corruption of minors (18 Pa.C.S.A. § 6301(a)) and unlawful contact with a minor (18 Pa. C.S.A. § 6318(a)(1)) after hard copies of approximately one hundred e-mails were found in the mailbox of Audrey Niglio, the mother of the then 16-year-old complainant. The e-mails consisted of a series of messages over a six-month

period in 2006 between users of one of the complainant's e-mail addresses and one of defendant's e-mail addresses. Some of the e-mails contained sexual references and an offer to exchange $50.00 for sexual favors.

At defendant's trial in July of 2007, approximately 38 of the e-mails were admitted into evidence during the testimony of the complainant without objection from defense counsel. During the following day of trial, defense counsel began objecting to the reading of some of the e-mails that were admitted into evidence. The court overruled defendant's objection, and the jury ultimately returned a verdict in favor of the commonwealth. On December 3, 2007, defendant appealed to the Superior Court, arguing that this court abused its discretion in admitting the e-mails because no foundation as to the genuineness of the e-mails was established prior to their admission. The Superior Court determined that defendant waived the issue because defense counsel failed to make a timely objection to the admission of the 38 e-mails. As a result, on December 9, 2008, the Superior Court affirmed the judgment of sentence.

Defendant subsequently filed a petition for relief under the Post Conviction Relief Act, arguing, in part, that defense counsel was unconstitutionally ineffective for failing to lodge a timely objection to the authentication of the 38 e-mails. In an opinion dated September 22, 2009, this court stated that "sufficient circumstantial evidence was not presented by the commonwealth to authenticate the 38 e-mails prior to their admission into evidence at trial." *Commonwealth v. Capece*, No. 65 of 2007, C.R. (C.P. Lawrence September 22, 2009). As a result, the court granted defendant's petition, vacated the convictions

against him, and granted him a new trial.

On November 30, 2009, the commonwealth filed the instant omnibus pre-trial motion of a motion in limine. Hearings were held on March 8, 2010 and May 25, 2010. During the hearings, the commonwealth presented the testimony of the complainant, the complainant's mother, and corporal John Stepansky of the Pennsylvania State Police in order to lay a proper foundation for and authenticate the 92 e-mails that may be presented at the new trial.

Rule 901 of the Pennsylvania Rules of Evidence states that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Pa.R.E. 901(a). The testimony of a witness with knowledge that a particular matter is what it is claimed to be may satisfy the requirement of authentication. Pa.R.E. 901(b) (1). Circumstantial evidence may also be sufficient to authenticate a document. *Commonwealth v. Brooks*, 508 A.2d 316, 318 (Pa. Super. 1986). Such circumstantial evidence may include "factors relating to the contents of the writing and the events before and after the execution of the writing." *Id.* at 321.

"The courts of this commonwealth have demonstrated the wide variety of types of circumstantial evidence that will enable a proponent to authenticate a writing." *In re F.P.*, 878 A.2d 91, 94 (Pa. Super. 2005) (citing *Brooks*, 508 A.2d at 319). For example, in *In re F.P.*, the Superior Court addressed whether a transcript of computerized instant message conversations between the victim of an aggravated

assault and the appellant was properly authenticated. *In re F.P.*, 878 A.2d at 93. The instant message transcript contained threats and accusations by the appellant that corroborated other evidence presented by the commonwealth. *Id.* The appellant objected to the admission of the instant messages because it was not shown that the appellant sent the messages. *Id.* In an effort to authenticate the instant message transcript, the commonwealth demonstrated that, during the conversations, the appellant identified himself by his first name, referenced the fact that the victim had approached authorities about the messages, and confirmed the source of the dispute between the appellant and the victim. *Id.* at 95. In reaching its conclusion, the Superior Court reasoned:

> Essentially, appellant would have us create a whole new body of law just to deal with e-mails or instant messages. The argument is that e-mails or text messages are inherently unreliable because of their relative anonymity and the fact that while an electronic message can be traced to a particular computer, it can rarely be connected to a specific author with any certainty. As appellant correctly points out, anybody with the right password can gain access to another's e-mail account and send a message ostensibly from that person. However, the same uncertainties exist with traditional written documents. A signature can be forged; a letter can be typed on another's typewriter; distinct letterhead can be copied or stolen. We believe that the e-mail messages and similar forms of electronic communication can properly be authenticated within the existing framework of Pa.R.E. 901 and Pennsylvania case law...We see no justification for constructing unique

118

rules for admissibility of electronic communications such as instant messages; they are to be evaluated on a case-by-case basis as any other document to determine whether or not there has been an adequate foundational showing of their relevance and authenticity.

*Id.* at 95-96. Based on the above-mentioned standard, the Superior Court found that the evidence presented by the commonwealth was "clearly sufficient to authenticate the instant message transcripts as having originated from [the defendant]." *Id.* at 95.

In the case sub judice, the commonwealth presented similar evidence demonstrating that the e-mails sent to the complainant originated from defendant. The complainant testified that she had known defendant through her mother for several years. N.T., 3/8/10, at 6. According to her testimony, the complainant often visited defendant's home and performed household chores, such as mowing the lawn, for defendant. *Id.* at 7. During one of these visits, defendant provided the complainant with his e-mail address. *Id.* at 8.

Although defendant resided with his live-in girlfriend, defendant and the complainant often had the opportunity to spend time alone together. *Id.* During these visits, defendant and the complainant discussed a variety of topics, including mowing defendant's lawn, performing other chorès, riding defendant's motorcycle, learning from defendant how to drive, fighting over the computer with the complainant's sister, transferring from New Castle High School to Laurel High School, the complainant's poor spelling, the complainant's blonde hair, various friends and family, and exchanging sex for money. *Id.* at 9,

27, 30, 47, 48, 52, 53, 55, 57, 60, 62, 64, 72; N.T.; 5/25/10, at 7, 8.

Shortly after exchanging e-mail addresses with defendant, the complainant began receiving e-mails from defendant's e-mail address on her computer at school. N.T., 3/8/10, at 8. She testified that she received approximately 140 e-mails from defendant. *Id.* The e-mails were often signed "Jerry," a name to which defendant answered. *Id.* at 28, 29, 32, 46. The e-mails also addressed the same topics defendant and the complainant discussed in their private conversations. *Id.* at 20, 21, 27, 30, 38, 44, 47, 48, 52, 54, 56, 58, 61, 63, 70, 72; N.T., 5/25/10, at 7, 8, 13-18.

As in *In re F.P.*, the commonwealth presented sufficient evidence to authenticate the e-mails as having originated from defendant. The e-mails from defendant's e-mail address were often signed with a name defendant uses. The e-mails also addressed numerous personal details about the lives of both defendant and the complainant. Because the 92 e-mails were properly authenticated, the commonwealth's request for the admission of the copies of the 92 e-mails is granted.

The commonwealth's omnibus pre-trial motion of a motion in limine also contains a request that the court rule on the admissibility of the defense that defendant's ex-wife is responsible for the present charges against him. The motion references defendant's previous attempt to present testimony that, back in 1989, his ex-wife attempted to persuade relatives to falsely accuse defendant of sexual molestation. During defendant's first trial, the court denied the request to present such testimony, and the Superior Court found no abuse of discretion with that

decision. Therefore, the court similarly refuses to allow any presentation of evidence or testimony relating to this 1989 incident involving defendant's ex-wife unless defendant can establish that such evidence is somehow relevant and related to the present case. Outside of testimony regarding this 1989 incident, there is no other evidence of defendant's ex-wife's involvement in this case currently before the court. Neither party addressed this issue during the hearings or in their proposed findings of fact and conclusions of law. Because no other evidence supporting the defendant's defense has been presented, the court cannot rule on whether such evidence would be admissible. Therefore, with respect to any testimony regarding defendant's ex-wife's attempts in 1989 to persuade relatives to falsely accuse defendant of sexual molestation, the commonwealth's motion is granted, but in regards to any other potential evidence relating to defendant's ex-wife, the court refrains from making a decision at this time.

## ORDER OF COURT

And now, this October 18, 2010, this court having held hearings on March 8, 2010 and May 25, 2010 concerning the commonwealth's omnibus pre-trial motion of a motion in limine, with Assistant District Attorney Kathleen Fee-Baird, Esquire, appearing and representing the commonwealth, and Thomas W. Leslie, Esquire, appearing and representing the defendant Phillip Jerry Capece, and upon a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. The commonwealth's omnibus pre-trial motion of

a motion in limine is granted pursuant to the attached opinion.

2. The clerk of courts shall properly serve notice of this order and opinion upon counsel of record; and if a party has no counsel, then upon said party at his last known address as contained in the court's file.